Per Curiam.

After a careful review of the entire record, including the affidavit of respondent’s mother in support of his motion for an order to reopen the hearing, this court finds it impossible to believe the belated claim that the misappropriated funds of respondent’s clients were a loan. Even if Nick’s testimony denying any discussion of loaning or intention to loan the money to respondent is disregarded, the circumstances regarding the respondent’s use of Nick’s funds, the correspondence between respondent and Nick, the cancelled checks and other documentary evidence, the failure of respondent to indicate in any way to Snyder that this transaction was a loan, and the fact that there was no claim that there was a loan until after the complaint was filed herein, establish that there was in fact no loan.
In this case, not only has the respondent violated Canon 11 of the Canons of Professional Ethics by misappropriating money of his client, but he also has issued two checks, dishonored by reason of “insufficient funds,” apparently contrary to the laws of this state. The totality of his conduct violates Canon 29 of the Canons of Professional Ethics.
Under the circumstances of this case, the recommendation of the Board of Commissioners on Grievances and Discipline that the respondent be permanently disbarred from the practice of law should be approved. Accordingly, the objections to the recommendation of the board are overruled, the report is confirmed and judgment is rendered permanently disbarring the respondent from the practice of law in this state.

Report confirmed and judgment accordingly.

Tart, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.